[Crim. No. 2115.   Fourth Dist.   Aug. 31, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. CLIFFORD
FULLER, Defendant and Appellant.

Clifford Fuller, in pro. per., Woolpert & Woolpert, under appointment by the District Court of Appeal, and Harry E. Woolpert for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant appeals from a conviction of receiving stolen property. (Pen. Code, § 496, subd. 1.)

On May 19, 1964, certain brass pump ends and wire cable were found to have been stolen from enclosed premises at Indio, in Riverside County, and were discovered in the possession of Donald L. Ruben, a junk dealer at San Bernardino, in San Bernardino County. Ruben had purchased the stolen property from defendant on May 19, 1964, for $49.70;

$20 in cash and the balance by check made payable, at defendant's request, to Raymond Fears. Also at defendant's request, Fears' name was given for the record required to be kept by the purchaser. (Bus. & Prof. Code, § 21606.)

Fears, in his car, had carried defendant and the stolen property from the Indio area where it was concealed under a bush to San Bernardino. Defendant had told Fears that the property was received by the defendant from another person in payment of a debt.

After his arrest, defendant was informed by an arresting officer that Fears had said defendant was responsible for the theft of some copper. Defendant responded that Fears took the copper; and, when told that perhaps the purchaser of the metal could identify him, defendant said that he didn't sell any copper to anyone, and denied that he had been in San Bernardino or that he had been in a car with anybody with any stolen property.

Defendant testified that he had accompanied Fears to the junk dealer at San Bernardino, but otherwise denied the testimony of Fears and Ruben; he denied that he had seen the stolen property before it was unloaded from Fears' car at San Bernardino and that he had been at the location where the theft had occurred.

At the trial there was testimony that footprints were found leading up to and away from the entrance to the yard from which the property was stolen. In the opinion of an expert, some of the prints were made by the shoe from defendant's right foot.

While defendant was in custody following his arraignment and before he had consulted with his appointed counsel, the police had him remove his shoes, which were then photographed, and both shoes and photographs thereof were used for comparison with photographs that had been taken of footprints found near the scene of the theft. Defendant delivered his shoes when the officer said, "Give me your shoes." Defendant testified that he did not do so voluntarily.

The shoes, the photographs thereof and of the footprints were received into evidence, over objection of defendant's counsel, who argued that under *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 368 P.2d 361], the evidence was inadmissible, and that for the same reason the opinion evidence on the subject of the footprints was inadmissible. At

the conclusion of the People's case, defendant's counsel moved for a mistrial because of the admission of the evidence as to the footprints and shoes. The motion was denied. After both sides had rested, the trial court, of its own motion, struck from evidence the shoes, the photographs of shoes and prints, and the testimony of all the officers concerning the shoes, footprints and photographs. The court immediately admonished the jury that it should not consider any of the matters stricken. This was all done on the basis of reports in a legal newspaper of *People* v. *Anderson*▮ (Cal.) 40 Cal.Rptr. 257, 394 P.2d 945, and *People* v. *Dorado, supra,* 62 Cal.2d 338, which the judge had read during the noon recess.

Defendant's counsel again moved for a mistrial, which was denied. Later, in the absence of the jury, defendant's counsel made a third motion for a mistrial which was denied. The last two motions were made upon the ground that the prejudicial effect of the footprint evidence could not be overcome by striking it with an admonition to the jury.

The defendant was not told by the police officers of his right to counsel and to remain silent before making the statements given at the time of his arrest; nor was he advised of those rights at the time his shoes were taken. Although defendant testified that at his arraignment he had not been advised of his right to counsel, counsel then was appointed for him.

Defendant makes the following contentions:

1. That he has been deprived of his right to counsel because he was not represented at the arraignment; and because his counsel of record on appeal has expressed the opinion that the appeal was without merit, and defendant's request for other counsel has been denied.

2. That evidence of the statements made by defendant and Fears was improperly admitted. This claim is broadened to cover receipt into evidence of the shoes and photographs in view of defendant's argument that the giving of the shoes by defendant was in effect an admission.

3. That the error in admitting evidence as to shoes and footprints was not cured by admonitions given to the jury.

4. That cross-examination of Ruben by defendant's counsel was wrongfully curtailed by sustaining objections to certain questions.

5. That error was committed by dismissing charges against Fears and granting him immunity so as to have him testify against defendant.

6. That defendant was denied a fair and impartial trial. Defendant asserts that his counsel was denied the right to question the jury on *voir dire*.

At the time of his arraignment in the municipal court, defendant was not represented by counsel. He pleaded not guilty and counsel was appointed for him. Appointed counsel represented him at the trial. This court appointed defendant's trial counsel to represent defendant on appeal. Counsel, on March 16, 1965, filed in letter form a review of the evidence and of the contentions that had been made at the trial. He expressed his conclusion that the appeal was without merit, and asked to be relieved as counsel. Defendant, upon learning of the position of his appointed attorney, asked to have other counsel appointed. Both of those requests were denied. Defendant has been permitted to file in propria persona two briefs, one in reply to respondent's brief; and defendant has had possession of copies of the record on appeal. His counsel of record appeared at the time of oral argument and argued vigorously that taking of defendant's shoes for the purpose of comparison was in derogation of defendant's rights under the Fourteenth and Fifth Amendments of the federal Constitution. When he wrote his review of the case, defendant's counsel had concluded that the rule of *People* v. *Dorado, supra,* 62 Cal.2d 338, did not apply to the taking of defendant's shoes. At the time of oral argument he had read *People* v. *Graves* *(Cal.App.) 45 Cal.Rptr. 118 and *People* v. *Collier* *(Cal.App.) 44 Cal.Rptr. 465 and thought that views expressed in those opinions on the subject of the giving of handwriting samples as admissions might apply to the delivery of the shoes. Neither *Graves* nor *Collier* can be cited as authority.[1] In any event, as stated hereafter, the argument is not approved.

That defendant was not represented by counsel at the arraignment must be immaterial in a case where he pleaded "not guilty" and counsel was appointed for him. Defendant has not attempted to show that at the time of arraignment he

---

[1] A petition for hearing in the Supreme Court is pending in *People* v. *Graves*; and a rehearing was granted by this court in *People* v. *Collier*.

*Reporter's Note: A hearing was granted in *People* v. *Graves*. The opinion on rehearing in *People* v. *Collier*, filed September 29, 1965, is reported in 237 Cal.App. 2d —— [46 Cal.Rptr. 887].

sought a continuance so as to consult counsel before entering his plea.

During the trial defendant was fully, adequately and ably represented by counsel who, to quote defendant's brief, made "timely and vigorous objection" to evidence sought to be excluded.

On appeal the same counsel has given evidence of a conscientious appraisal of the evidence and points of law. After initially concluding that the appeal was not meritorious, he was active and alert to present arguments derived from certain decisions that were not yet final at the time of oral argument. Again defendant has had the benefit of adequate representation. At his whim, he has no right to have appointed counsel removed and replaced by another.

The statements made by defendant to the arresting officer, testified to in rebuttal as being in certain respects inconsistent with defendant's testimony, were exculpatory in nature. Although the objection made by defendant's counsel should have been sustained in the light of *People* v. *Dorado, supra,* 62 Cal.2d 338, the error does not require reversal. (*People* v. *Hillery,* 62 Cal.2d 692 [44 Cal.Rptr. 30, 401 P.2d 382]; *People* v. *Nelson,* 233 Cal.App.2d 440 [43 Cal.Rptr. 626].)

Defendant's objection to the reception of testimony of statements made by Fears is not comprehensible. There was no such testimony, unless reference is made to the testimony of the arresting officer that he had told defendant that Fears had made a certain statement. If defendant refers to Fears' direct testimony, the objection thereto is treated later.

Defendant's compliance with the request to give his shoes to the officer was not a statement or admission by defendant so as to bring it within the rule of *People* v. *Dorado, supra,* 62 Cal.2d 338, or the protection of the Fifth Amendment to the federal Constitution. The delivery of the shoes then being worn by a defendant in custody does not constitute an admission. (8 Wigmore, Evidence (rev. ed. 1961) § 2265, p. 394.) The privilege against self-incrimination relates only to testimonial compulsion. (*People* v. *Duroncelay,* 48 Cal.2d 766, 770 [312 P.2d 690].) In *Duroncelay,* the evidence was an extracted blood sample. There are even stronger reasons to say that shoes that might be examined and photographed while on the feet of a defendant might be removed from his feet for such purposes.

Although defendant testified that he did not give up the

shoes voluntarily, he made no claim that any manner of compulsion was used to obtain the shoes. The setting of *Rochin* v. *California,* 342 U. S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396], did not exist. The factual situation is more nearly like that in *People* v. *Kemp,* 55 Cal.2d 458 [11 Cal. Rptr. 361, 359 P.2d 913], without the physical interference required in the taking of a blood sample. ■ No constitutional right was infringed upon in the taking of the shoes. They, the photographs of shoes and footprints, and the testimony relating thereto, were properly received into evidence.

The motions for mistrial were properly denied.

■ Defendant has not specified the rulings he would challenge sustaining objections put to questions on cross-examination of Ruben. We have read the full transcript and find only two such questions to which objections were sustained: one, as to whether Ruben felt he was ''getting a good deal''; the other, as to whether, in purchasing the metal, Ruben knew that he was violating Penal Code, section 496, subdivision 2. There was no error in either ruling. Defendant's counsel cross-examined Ruben fully and did bring out some inconsistencies between his testimony at the trial and that at the preliminary hearing.

Defendant argues that he should not be convicted upon the testimony 'of Fears, a possible accomplice; especially since charges against Fears were dismissed. He cites *People* v. *Green,* 102 Cal.App.2d 831 [228 P.2d 867]. In *Green,* the man who admitted entering a house to steal and did steal a television set was promised immunity from prosecution for that offense if he would testify at the preliminary hearing, as he did, that Green, who drove a car in which the television set was carried away, knew the set had been stolen. All of that appeared in open court as was patent on the face of the transcript of the preliminary hearings, notwithstanding all of which the same witness at Green's trial denied that Green had any information other than that the thief was the lawful owner of the set.

In the case at bench the record does not disclose that Fears was ever charged; consequently does not show that charges against him were dismissed; and does not show any agreement with the prosecution.

Moreover, Fears' testimony on many essential matters is fully corroborated by Ruben. It is only the evidence of defendant which tends to incriminate Fears while exonerating defendant.

Defendant does not support his claim that his counsel was denied the right to examine the jurors on *voir dire*. There is nothing in the record to substantiate the contention. The normal record does not include the *voir dire* examination of jurors, and this record is normal in that respect. The draftsman of defendant's briefs (defendant alleges himself to be illiterate) may have assumed from this silence that there was no *voir dire* examination. The record does disclose that at one point in the proceedings defendant waived a trial by jury, and that later the trial court made an order setting aside such waiver.

We find no error in the record.[2]

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 27, 1965. Peters, J., was of the opinion that the petition should be granted.

---

[2]The evidence as to the footprints at the scene of the theft might have been used in a prosecution for theft. Defendant could not, of course, be guilty of receiving stolen goods of which he was the thief. (*People* v. *Tatum,* 209 Cal.App.2d 179 [25 Cal.Rptr. 832].) The presence of the footprints was not inconsistent with defendant's presumed innocence of theft, with which he was not charged. The existence of the footprints if in evidence would not deprive the judgment of its sufficient basis. (*People* v. *Warren,* 36 Cal.App.2d 278, 281 [97 P.2d 464].)